IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | |
| | : | |
| Plaintiff, | : | No. 4:07-CV-1079 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**December 3, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is a Report and Recommendation ("the Report")

issued by Magistrate Judge Thomas M. Blewitt ("Magistrate Judge Blewitt" or "the

Magistrate Judge") on August 3, 2007.  (Rec. Doc. 8).  For the reasons that follow,

the Report will be adopted in part and rejected in part.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On June 15, 2007, Plaintiff Benjamin Smith ("Plaintiff" or "Smith"), an

inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-

Maryland"), who is proceeding pro se, commenced the instant action by filing a

Complaint in this Court pursuant to 28 U.S.C. § 1331.  (Rec. Doc. 1).  In the

Complaint, Plaintiff appears to name twenty-one (21) Defendants: 1) the United

States of America; 2) the Centric Store; 3) Snack Legends; 4) Keefe Supply; 5)

Warden Cameron Lindsay; 6) Corrections Officer ("CO") Bossick; 7) Counselor

Gubbiotti; 8) Dr. Odelda Dalmasi; 9) Captain Frank Lara; 10) Scott Dodrill; 11)

Mr. Dale; 12) CO Palmer; 13) Frank Karam; 14) Mrs. Erickson; 15) Lt. Clookey;

16) Mr. Symonsen; 17) CO Wagner; 18) Mr. Coleman;[1] 19) Mr. Kizziah; 20) Mr.

Hess; and 21) Nurse Fashanna.  Id.

Plaintiff's complaints about the aforementioned Defendants arise out of

various events during Plaintiff's stay at the United States Penitentiary at Canaan, in

Waymart, Pennsylvania ("USP-Canaan").  For the sake of simplicity, Plaintiff's

claims can be viewed as arising out of three (3) different situations:[2] 1) the

ingestion of cookies containing glass and the insufficient medical care that Plaintiff

received therefor; 2) the failure to protect Plaintiff from a physical assault by

---

[1] As the Magistrate Judge aptly notes (see doc. 8 at 4), Plaintiff's failure to identify the personal involvement of Mr. Coleman in any of the wrongs allegedly perpetuated against him permits all claims against this Defendant to be dismissed.  See, e.g., Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).  However, in the interest of caution, and because the utter lack of allegations against Mr. Coleman prevents us from determining whether amendment of the attempted claim(s) would be futile, we will dismiss all claims against Mr. Coleman without prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  Should Plaintiff exercise his right, as granted herein, to file an Amended Complaint, he may re-plead his claim(s) against Mr. Coleman.

[2] A more detailed recitation of the allegations surrounding these events is contained in our discussion section.
   However, at this time, we note that as required by the posture of this action, and for our present purposes only, we accept the allegations in Plaintiff's Complaint as true.  As a matter of course, we express no opinion on the ultimate viability of any of Plaintiff's claims.

another inmate and the conspiracy to inappropriately place Plaintiff in the

Restricted Housing Unit ("RHU") as a result thereof; and 3) the exposure of

Plaintiff to cold temperatures during two (2) different periods, autumn of 2005 and

winter of 2005-2006.

Following referral of this action to Magistrate Judge Blewitt for preliminary

review pursuant to 28 U.S.C. § 1915A, on August 3, 2007, the Magistrate Judge

issued a Report recommending that with the exception of the First Amendment

denial of access to courts claim against Mr. Lara and the Eighth Amendment

failure to protect claims against Mr. Kizziah, Mr. Bossick, and Mr. Wagner,

Plaintiff's claims should be dismissed.  On October 29, 2007 (doc. 13), Plaintiff

filed Objections to the Magistrate Judge's August 3, 2007 Report (doc. 8).  Having

received Plaintiff's Objections, this matter is ripe for our disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a de

novo determination of those portions of the report or specified proposed findings

or recommendations made by the magistrate judge to which there are objections.

See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C.

§ 636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as

to how they treat recommendations of a magistrate judge.  See id.  Indeed, in

providing for a <u>de novo</u> review determination rather than a <u>de novo</u> hearing,

Congress intended to permit whatever reliance a district judge, in the exercise of

sound discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  <u>See</u> <u>id.</u>, <u>see</u> <u>also</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976);

<u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

## <u>DISCUSSION</u>:

In his Objections, Plaintiff takes issue with many of the Magistrate Judge's

recommended dismissals.  In an attempt to concisely address the lengthy Report

and Plaintiff's multiple Objections, within our discussion of each of the three (3)

scenarios enumerated above, we endeavor to: 1) recite succinctly the pertinent

allegations related thereto; 2) outline the claims arising therefrom and the

Magistrate Judge's recommended disposition thereof; and 3) analyze Plaintiff's

most salient Objections.

**I.**     **The Ingestion of Cookies Containing Glass and the Resulting Medical Treatment**

Plaintiff initially complains that Mr. Dale, manager of the Centric Store, <u>i.e.</u>

the commissary at USP-Canaan, ordered Snack Legends cookies from Keefe

Supply.  Plaintiff asserts that Mr. Dale was negligent in so ordering because he had

been given notice that honey buns previously received from that supplier had been

moldy.  In any event, on or about June 13, 2005, after removing the pre-packaged

wrapping from Snack Legends Duplex cookies, Plaintiff began to consume them.

Biting down on what appeared to be glass, Plaintiff then "went to medical for

treatment." (Rec. Doc. 1 at 2 (emphasis omitted)). After being told that no

treatment was needed at that time, Plaintiff was instructed to return to medical as

needed. (Rec. Doc. 13-2 at 1). Eight days later, on or about June 21, 2005,

Plaintiff experienced rectal bleeding and returned to medical for treatment.

However, without examination, Mr. Symonsen, an emergency medical technician,

initially dismissed Plaintiff's complaints. Somewhat inexplicably, Plaintiff goes

on to contend that he was not examined by Dr. Dalmasi until fourteen days later,

which by our calculation would have been on or about July 5, 2005, but that same

examination took place <u>after</u> his bleeding had subsided on July 10, 2005.

In any event, as Magistrate Judge Blewitt notes, a liberal reading of this <u>pro
se</u> Plaintiff's Complaint suggests that Plaintiff asserts a number of claims as a

result of these events: 1) product liability claims under § 402A of the Second

Restatement of Torts; 2) negligence claims pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 2671, <u>et seq.</u>; and 3) <u>Bivens</u>[3] claims for violation of his

Eighth Amendment rights.

---

[3] See <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971). This is, <u>inter alia</u>, a <u>Bivens</u> action because Plaintiff is seeking monetary damages from federal officials for alleged violations of his Constitutional rights.

The Magistrate Judge recommends dismissal of all of the aforementioned

claims.  With respect to the product liability claims and the FTCA claims, the

Magistrate Judge indicates that Plaintiff should file separate suit(s) because, inter

alia,[4] "Plaintiff can . . . [neither] pursue a private tort claim against private entities

in a federal civil rights action . . . [n]or . . . name private entities as Defendants in

his Bivens action[]."[5]  (Rec. Doc. 8 at 5 (citing, respectively, Oriakhi v. Wood,

2006 WL 859543 (M.D. Pa. 2006); Correctional Servs. Corp. v. Malesko, 534 U.S.

61, 53 (2001))).  With respect to Plaintiff's Eighth Amendment claims, the

Magistrate Judge notes that to the extent they arise from Mr. Dale or medical

personnel's negligence, they should be dismissed because negligence does not

amount to a constitutional violation.  See County of Sacramento v. Lewis, 523 U.S.

833, 849 (1998).  Further, the Magistrate Judge recommends dismissal of

Plaintiff's remaining Eighth Amendment claims arising out of these events on the

ground that Plaintiff's allegations do not arise to the level of deliberate indifference

required by Estelle v. Gamble, 429 U.S. 97 (1976), and Farmer v. Brennan, 511

---

[4] As to the FTCA claims, the Magistrate Judge also correctly notes that the United States is the only proper Defendant to such claims.  See 28 U.S.C. § 2679(b) and (d)(1).  Accordingly, should Plaintiff choose to file an Amended Complaint that includes FTCA claim(s), the United States shall be the only defendant thereto.

[5] In the interest of completeness, we note that neither this Court nor Plaintiff (see doc. 13 at 8) dispute the Magistrate Judge's conclusion that the Bivens portion of this action may only be directed against public entities or officials.

U.S. 825 (1994).

Plaintiff objects to the recommended dismissal of all of these claims.  For

the reasons to follow, we will sustain Plaintiff's Objections to the following extent.


First, as to the issue of Plaintiff's joinder of product liability and FTCA

claims to this action, we note initially that such joinder is technically permitted

under the Federal Rules of Civil Procedure.[6]  Indeed, although Plaintiff incorrectly

cites Federal Rule of Civil Procedure 18(a), which permits the joinder of claims

and remedies, in support of his argument that claims against other parties, Snack

Legends, Keefe Supply, Centric Store, and the United States, may be joined to this

Bivens action, we agree that the Rules allow such joinder.  See Fed. R. Civ. P. 20

(permitting joinder of parties).  Similarly, we agree that under the Rules governing

joinder, Plaintiff is technically permitted to join any FTCA claim against the

United States to this Bivens action.[7]

---

[6] As Plaintiff asserts, the authority upon which the Magistrate Judge relies to support the proposition that such joinder is inappropriate, Oriakhi, does not, in fact, stand for that proposition.  Rather, Oriakhi's considered dismissal of, inter alia, the plaintiff's constitutional and FTCA claims on their merits, following a summary judgment motion, tends to confirm that the opposite is true: such joinder is permitted.

[7] This appears to be particularly true because in his Objections, Plaintiff asserts that "all administrative remedies have been exhausted on every claim and a federal tort was filed for every tort announced above."  (Rec. Doc. 13 at 6 (emphasis omitted)).

Nevertheless, given the large number of Defendants and claims initially included in this action, as well as the myriad of factual circumstances that underlie it, we understand and agree with the Magistrate Judge's conclusion that in order to facilitate the ordered disposition of this action, all non-<u>Bivens</u> claims should be filed separately.  Accordingly, with the exception of the claims against the United States arising out of Mr. Dale's ordering of the Snack Legends cookies[8] and the claims against Mr. Dale,[9] we will dismiss Plaintiff's product liability and FTCA claims without prejudice in the hope that to the extent Plaintiff desires to re-assert them, he will do so in a separate action.  Although we think it improvident to re-plead them in the instant action for the above stated reasons, we will grant Plaintiff leave to file an Amended Complaint that includes the product liability and FTCA claims that will be dismissed without prejudice.  Again, however, the better course is to separately file these non-<u>Bivens</u> claims.

Turning, second, to Plaintiff's Eighth Amendment claims arising out of this incident, we agree with the Magistrate Judge's determination that to the extent they

---

[8] These claims will be dismissed with prejudice because, similar to the Magistrate Judge, we fail to see how notice of <u>molded</u> <u>honey buns</u> could render negligent Mr. Dale's subsequent ordering of <u>cookies</u> allegedly containing <u>glass</u>.

[9] The claims against Mr. Dale will be dismissed with prejudice for two (2) reasons: 1) as stated above, he is not a proper party to an FTCA claim, <u>see</u> 28 U.S.C. § 2679(b) and (d)(1); and 2) as also stated above, we fail to see a sufficient link between molded honey buns and cookies containing glass to support a finding of negligence.

arise out of the negligence of Mr. Dale, medical personnel, or the United States, they should be dismissed for failure to state a claim.  See County of Sacramento, 523 U.S. at 849 (indicating that negligence does not rise to a constitutional violation).  However, as Plaintiff argues, we think it too early at this juncture to conclude that Plaintiff's allegations cannot satisfy Estelle and Farmer, and, thus, we will permit Plaintiff's Eighth Amendment claims against Mr. Symonsen and Dr. Dalmasi to survive.

## II.     The Physical Assault and the Subsequent Placement in the RHU

Plaintiff next complains that on June 20, 2005, as he was walking "to the cell block on his way to work . . . " (doc. 1 at 5 (emphasis omitted)), he was assaulted with a metal lock by inmate Ramsey.  Plaintiff appears to suggest that this attack took place as a result of two (2) Corrections Officers' actions: Mr. Wagner failed to monitor a metal security detector and Mr. Kizziah failed to take steps to prevent the assault, of which he had previously been warned.  Plaintiff also suggests that the Bureau of Prison's ("BOP") failure to implement a policy that regulates the transportation of metal locks allowed the attack to occur.[10]  Moreover,

---

[10] However, Plaintiff's own allegation of an unmonitored metal detector tends to suggest that some sort of policy to control the transportation of metal at the prison was in place.

Moreover, as the Magistrate Judge aptly notes, the United States is not a proper Defendant to a Bivens claim.  See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Thus, although we are cognizant that the BOP is not a named Defendant to this action, to the extent that the Complaint could be construed as alleging a Bivens claim against the United States

Plaintiff alleges that his injuries from were made more severe by the failure of a third Corrections Officer, Mr. Bossick, to do anything "to stop [the attack] until back up arrived." Id. (emphasis omitted).  Additionally, Plaintiff appears to indicate that as a result of this attack and a conspiracy, he was placed into the RHU from June 20, 2005 to August 20, 2005, in violation of his rights to due process and access to courts.  Finally, Plaintiff claims that due to his placement in the RHU, he was not able to timely appeal a state court decision on an alleged parole violation.

A liberal reading of Plaintiff's Complaint suggests that Plaintiff asserts a number of Bivens claims as a result of these events: 1) failure to protect, in violation of the Eighth Amendment; 2) conspiracy; 3) denial of due process, in violation of the Fifth Amendment; and 4) denial of access to courts, in violation of the First Amendment.

The Magistrate Judge recommends that several of the aforementioned claims be permitted to continue: the denial of access to courts claim against Mr. Lara and the failure to protect claims against Mr. Kizziah, Mr. Bossick, and Mr. Wagner. For all of the reasons outlined in the Report (doc. 8) by the Magistrate Judge, which are explicitly incorporated herein, we agree that these claims should remain

---

based upon the BOP's alleged lack of policy, the same will be dismissed with prejudice.

viable.  Accordingly, we will permit litigation of them to continue at this time.

However, the Magistrate Judge suggests that the denial of access to courts

claim against Mrs. Erickson, as well as the conspiracy and due process claims, be

dismissed.  As to the denial of access to courts claim against Mrs. Erickson, the

Magistrate Judge appropriately reasons that as Plaintiff alleged only that Mrs.

Erickson was responsible for "get[ting] the law library up and running" (doc. 1 at 4

(emphasis omitted)), and not that Mrs. Erickson deficiently or wrongfully

performed her responsibilities, Mrs. Erickson should be dismissed from this

action.[11]  With respect to the conspiracy claims, which we agree have been

properly construed by the Magistrate Judge as allegations of a conspiracy between

Mr. Kizziah, Mr. Lara, and Mr. Clookey to deprive Plaintiff of due process, the

Magistrate Judge recommends dismissal because "Plaintiff has failed to specify

any involvement by these Defendants as required" by an unpublished Third Circuit

decision, see Jones v. Maher, C.A. No. 04-3993 (3d Cir. 2005), and a somewhat

dated opinion by a colleague of this Court, see Flanagan v. Shively, 783 F. Supp.

---

[11] The Magistrate Judge also aptly indicates that even if Mrs. Erickson were deficient in
some way, that would not raise a valid claim.  See, e.g., Miranda v. Donate, No. 07-975 (M.D.
Pa. July 19, 2007).
    Because we agree with the Magistrate Judge's alternative reasons for dismissing the
claim against Mrs. Erickson, and because we see no Objection thereto by Plaintiff, we will
dismiss the claim against her and order that she be terminated as a Defendant to this action.

922, 928-29 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 510

U.S. 829 (1993).  As to the denial of due process claims against Mr. Lindsay, Mr.

Karam, Mr. Lara, and Mr. Dodrill, the Magistrate Judge recommends dismissal on

the grounds that, inter alia: 1) "the placement [of Plaintiff] in 'the Hole' and its

subsequent cell restrictions do not impose atypical and significant hardships on the

Plaintiff in relation to the ordinary incidents of prison life" (doc. 8 at 20); and 2)

"Plaintiff[] has no liberty interest arising by force of the Due Process Clause itself

in obtaining or retaining classification to a halfway house during the term of his

sentence" (id. at 24).

Initially, we note that although we could find no objection to the Magistrate

Judge's recommended dismissal of Plaintiff's conspiracy claim, we will permit this

claim to survive screening.  We will so permit because the Supreme Court has

recently "once again reiterated[d], . . . as [it] did unanimously in Leatherman,

Swierkiewicz, and Hill - that adopting different and more onerous pleading rules to

deal with particular categories of cases should be done through established

rulemaking procedures, and not on a case-by-case basis by the courts."  Jones v.

Bock, ___ U.S. ___, 127 S. Ct. 910, 926 (2007) (citing Leatherman v. Tarrant

County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993);

Swierkiewicz v. Sorema, 534 U.S. 506 (2002); Hill v. McDonough, 547 U.S. ___,

126 S. Ct. 2096 (2006)).  Thus, because it appears to us as if the Magistrate Judge

recommends dismissal based upon his conclusion that Plaintiff's one-sentence

conspiracy claim is insufficient to satisfy a heightened pleading standard, and, in

the alternative, because we find that Plaintiff's allegation includes some specific

factual support (see doc. 1 at 4 ("Kizziah then conspired with Cap. Lara and

ordered Lt. Clookey to fabricate a reason for Seg.")), Plaintiff's conspiracy claim

against the three stated individuals remains viable.

As to Plaintiff's Objection to the recommended dismissal of his due process

claims, we will overrule it.  We do so because despite Plaintiff's attempt to

analogize this case to Wilkinson v. Austin, 545 U.S. 209 (2005), we find the

Magistrate Judge's distinguishing of the case persuasive.  Indeed, unlike the

inmates in Wilkinson, Plaintiff plainly avers: 1) while in the RHU, he is permitted

some degree of exposure to other inmates; 2) the duration of stays in the RHU are

not indefinite.  Thus, for all of the reasons described by the Magistrate Judge (see

doc. 8), which are explicitly incorporated herein by reference, we agree with his

conclusion that Plaintiff's placement in the RHU, and the consequences thereof, do

not implicate a liberty interest.  See Sandin v. Conner, 515 U.S. 472 (1995); Griffin

v. Vaughn, 112 F.3d 703 (3d Cir. 1997).  Accordingly, we will dismiss Plaintiff's

due process claims without prejudice.[12]

## III.    The Exposure to Cold Temperatures

Finally, Plaintiff avers that during two (2) different periods, September 5,

2005 through October 24, 2005, and November 21, 2005 through January 8, 2006,

he was "forced to get his one hour of recreation in the cold . . . " without the proper

attire. (Rec. Doc. 1 at 5 (emphasis omitted)).  Plaintiff implicates a number of

prison officials in these <u>Bivens</u> claims for alleged violations of his Eighth

Amendment rights: Mr. Palmer, Mr. Hess,[13] Mr. Lindsay, Mr. Karam, Mr. Lara,

Mr. Gubbiotti, and Mr. Fashanna.

Despite having considered <u>de novo</u> Plaintiff's primary Objection, that he

should not be forced to choose between his constitutional rights to exercise and

adequate clothing, we agree with the Magistrate Judge's comprehensive analysis of

these conditions of confinement claims. (<u>See</u> Rec. Doc. 8 at 28-34).  Indeed, in

separate analyses of the issues of alleged exposure to the elements and deprivation

of sufficient clothing, the Magistrate Judge recommends that all claims arising out

---

[12] We do so without prejudice based upon the Magistrate Judge's recommendation that "Plaintiff be permitted to assert it [a challenge to his placement in the "the Hole"] in a habeas petition after he exhausts his BOP administrative remedies." (Rec. Doc. 8 at 23 (citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)).

[13] Mr. Hess has not been captioned as a Defendant to this action, apparently due to Plaintiff's failure to list him on the Service Sheet attached to the Complaint. (<u>See</u> Rec. Doc. 1 at 7).  However, to the extent that Plaintiff's Complaint could be construed as naming Mr. Hess as a Defendant, the claims against Mr. Hess shall be dismissed for the reasons stated below.

of Plaintiff's alleged exposure to cold temperatures be dismissed based upon his application of the familiar <u>Farmer</u> paradigm.  First, "no inference could be drawn by Defendants that a substantial risk of serious harm existed to Plaintiff."  (Rec. Doc. 8 at 29).  Second, "as Plaintiff was clothed and not forced to take his hour of recreation if he found conditions to be too severe, . . . 'the minimal civilized measure of life's necessities' were provided and . . . the prison officials did not act with recklessness."  <u>Id.</u> at 29-30.  We find no err in these conclusions, and, thus, we will dismiss these claims with prejudice.

## CONCLUSION:

To summarize, some of Plaintiff's claims arising out of the three factual scenarios discussed above have been found sufficiently pled as to remain viable at this juncture.  However, some of Plaintiff's claims arising out of those events will be dismissed either with or without prejudice.

As to the claims that will be dismissed without prejudice, we wish to reiterate the options available to Plaintiff.  First, as to the <u>Bivens</u> claims for violation of due process against Mr. Lindsay, Mr. Karam, Mr. Lara, and Mr. Dodrill, to the extent that Plaintiff wishes to pursue relief on these claims, **he shall do so via the filing of a separate habeas action**.  Second, as to the claims against Mr. Coleman; the product liability claims against Snack Legends, Keefe Supply,

and the Centric Store; and the FTCA claims against the United States that arise out of the medical care afforded to Plaintiff following his ingestion of the Snack Legends cookies; **Plaintiff may either re-assert these claims in the instant action via the filing of an Amended Complaint or file separate action(s) related thereto**.  Given the multitude of factual events underlying this action, and the myriad of claims based thereupon that remain, however, we highly recommend the filing of separate action(s).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Objections (doc. 13) to the Magistrate Judge's Report and Recommendation are **OVERRULED** in part and **SUSTAINED** in part, as fully explained in the legal analysis set forth above.

2. Magistrate Judge Blewitt's Report and Recommendation (doc. 5) is **ADOPTED** in part and **REJECTED** in part, to the extent consistent herewith:

   A. The claims against Mr. Coleman are **DISMISSED** without prejudice.

   B. The product liability claims against Snack Legends, Keefe Supply, and the Centric Store are **DISMISSED** without prejudice.

C.     The FTCA claims against the United States arising out of Mr.

Dale's purchase of Snack Legends cookies are **DISMISSED**

with prejudice.

D.     The FTCA claims against the United States arising out of the

medical care afforded to Plaintiff following his alleged

ingestion of glass are **DISMISSED** without prejudice.

E.     All claims against Mr. Dale are **DISMISSED** with prejudice.

F.     The <u>Bivens</u> claims for violations of Plaintiff's Eighth

Amendment rights stemming from the alleged negligence of

medical personnel are **DISMISSED** with prejudice.

G.     The <u>Bivens</u> claims for violations of Plaintiff's Eighth

Amendment rights stemming from the alleged deliberate

indifference of Mr. Symonsen and Dr. Dalmasi remain viable.

H.     The <u>Bivens</u> claims against the United States are **DISMISSED**

with prejudice.

I.     The <u>Bivens</u> claims for violations of Plaintiff's Eighth

Amendment rights stemming from the alleged negligence of

Corrections Officers are **DISMISSED** with prejudice.

J.     The <u>Bivens</u> failure to protect claims against Mr. Kizziah, Mr.

Bossick, and Mr. Wagner remain viable.

K.   The <u>Bivens</u> denial of access to courts claim against Mr. Lara

remains viable.

L.   The <u>Bivens</u> denial of access to courts claim against Mrs.

Erickson is hereby **DISMISSED** with prejudice.

M.   The <u>Bivens</u> claims of a conspiracy between Mr. Kizziah, Mr.

Lara, and Mr. Clookey remain viable.

N.   The <u>Bivens</u> violation of due process claims against Mr.

Lindsay, Mr. Karam, Mr. Lara, and Mr. Dodrill are

**DISMISSED** without prejudice.

O.   The <u>Bivens</u> conditions of confinement claims against Mr.

Palmer, Mr. Hess, Mr. Lindsay, Mr. Karam, Mr. Lara, Mr.

Gubbiotti, and Mr. Fashanna are **DISMISSED** with prejudice.

P.   The Clerk of Court shall terminate Mr. Coleman, Snack

Legends, Keefe Supply, the Centric Store, the United States,

Mrs. Erickson, Mr. Dale, Mr. Lindsay, Mr. Gubbiotti, Mr.

Dodrill, Mr. Palmer, Mr. Karam, Mr. Fashanna, and Mr. Hess[14]

as Defendants to this action.

---

[14] In order to terminate this Defendant, the Clerk will first have to add this Defendant to the caption, and then terminate him.

3.      Plaintiff is hereby afforded leave to file an Amended Complaint

relating to his claims against Mr. Coleman, as well as his product

liability and FTCA claims which were dismissed without prejudice.

4.      Within fifteen (15) days of the date of this Order, Plaintiff shall file

any Amended Complaint that he intends to file.

5.      This action is hereby remanded to Magistrate Judge Blewitt for further

proceedings.

s/ John E. Jones III
John E. Jones III
United States District Judge