IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | |
| | : | 4:07-cv-1079 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| UNITED STATES OF AMERICA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **December 14, 2009**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 55), filed on December 29, 2008, which recommends that we grant the Defendants' Motion for Summary Judgment (Doc. 32) with respect to the four remaining claims against all seven remaining Defendants and that Plaintiff's cross-Motion for Summary Judgment be denied. (Doc. 43). Plaintiff Benjamin Smith ("Plaintiff" or "Smith") filed objections to the report (Doc. 60) on March 2, 2009.[1] The Defendants have

---

[1] Plaintiff moved for an extension of time to file objections, which was granted on January 20, 2009, giving Plaintiff until February 23, 2009 to file objections. On February 26, 2009, we issued a Memorandum and Order (Docs. 58 and 59) adopting the Magistrate Judge's R&R in its entirety, noting Plaintiff's failure to file objections. On March 12, 2009, Plaintiff

1

responded to Plaintiff's objections. (Doc. 62). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the Defendants' Motion for Summary Judgment, deny the Plaintiff's cross-Motion for Summary Judgment and close this case.

## I.     PROCEDURAL BACKGROUND

Plaintiff, formerly an inmate at the United States Penitentiary at Canaan ("USP-Canaan"), filed, *pro se*, a joint Federal Tort Claims Act and *Bivens*[2] action, pursuant to 28 U.S.C. § 1331, on June 15, 2007.

After preliminary screening of Plaintiff's Complaint, on August 3, 2007, Magistrate Judge Blewitt issued a R&R wherein it was recommended that all Defendants and all claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, with the exception of Plaintiff's First Amendment access to courts claim against Defendant Lara and his Eighth Amendment failure to protect claims against Defendants Kizziah, Bossick, and Wanger. On December 3,

---

filed a Motion for Reconsideration, stating that he had timely delivered his objections to the prison mail room, but they were apparently mailed after the filing deadline by prison officials, causing Plaintiff's objections to be docketed on March 2, 2009. In opposing Plaintiff's Motion for Reconsideration, the Defendants addressed the merits of Plaintiff's objections. We granted the Plaintiff's Motion for Reconsideration, accordingly we address the Plaintiff's objections within this Memorandum and Order.

   [2] *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

2007, this Court entered an Order adopting in part and rejecting in part the August 3, 2007 R&R. Specifically, we allowed the following *Bivens* claims to proceed:

1) The Eighth Amendment denial of proper medical care claims against Defendants Emergency Medical Technician ("EMT") Simonson and clinical director Dr. Dalmasi regarding treatment for Plaintiff's alleged injuries from his ingestion of glass from Snack Legends cookies;

2) The Eighth Amendment failure to protect claims against Defendants Captain Kizziah, Senior Officer Specialist Wagner and Senior Officer Bossick;

3) The First Amendment denial of access to courts claim against Associate Warden Lara; and

4) The conspiracy claim against Defendants Kizziah, Lara and Lieutenant Clookey.

Thereafter, on August 8, 2007, the remaining seven Defendants jointly filed a Motion to Dismiss and for Summary Judgment. (Doc. 32). The Motion was fully briefed. Additionally, the Plaintiff filed a cross-Motion for Summary Judgment. (Doc. 43). This Motion was also fully briefed.

On December 29, 2009, Magistrate Judge Blewitt issued the instant R&R (Doc. 55), which is presently before the Court for review.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed

in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff objects to five areas of the R&R. Those objections are:

(1) That genuine issues of material fact remain regarding Plaintiff's denial of access to courts claim, and thus summary judgment is inappropriate;

(2) Plaintiff's cross-Motion for Summary Judgment on his denial of access to courts claim should have been granted;

(3) Plaintiff did properly exhaust his Eight Amendment failure to protect claim, thus summary judgment is inappropriate; and

(4) Summary judgement on Plaintiff's Eight Amendment denial of medical assistance claim is inappropriate; and

(5) Plaintiff should be permitted to amend his complaint to cure any deficiencies.

We shall discuss the merits of each of Plaintiff's objections *in seriatim.*

## IV. DISCUSSION

### A. First Amendment Denial of Access to Courts Claim

Plaintiff contends that between June 20, 2005 and August 20, 2005, he was denied "all access to any adequate law library during litigation of an appeal of a parole violation determination." (Doc. 1, p. 4). Plaintiff claims that on July 17, 2009, his appeal was due in the Pennsylvania Supreme Court and that he was not able to file this appeal because he was denied access to the law library. (Doc. 1, p. 4). Plaintiff alleges that former Defendant Erickson was responsible to "get the law library up and running" and that Defendant Lara "neglected to provide access to a law library by segregated inmates [*sic*]." (Doc. 1, p. 4).

Plaintiff admits that when he requested from Defendant Lara access to the computer law library to prepare an appeal brief to the Pennsylvania Supreme Court on June 29, 2005, "Lara denied Smith permission to use the law library in the SHU at that time. [Lara] told Smith he should request what he needed from the main law library." Based on Plaintiff's evidence, his appeal (Petition for Allowance of Appeal) to the Pennsylvania Supreme Court was due by July 17, 2005. (Doc. 44,

Att. C). Thus, and as Defendants contend, Plaintiff admits that three weeks prior to his filing deadline, Lara advised him to get what he needed for his appeal from the main law library. However, there is no evidence that Plaintiff ever made any requests for permission to use the main law library so that he could timely file his appeal. There is also no evidence that Plaintiff attempted to seek an extension of the deadline prior to its expiration. In fact, Plaintiff's evidence shows that his "Petitioner's Intent to Appeal" was not received by the Pennsylvania Supreme Court until August 17, 2005, and that it was mailed out on August 1, 2005. (Doc. 44, Att. C).

Plaintiff specifically objects to the Magistrate Judge's observation that "Plaintiff should have heeded [Lara's] directive for Plaintiff to request what he needed from the main law library well in advance of Plaintiff's deadline." (Doc. 55, p. 22). Specifically, Plaintiff states that he did follow Lara's directive by verbally requesting to be provided with a list of the books contained in the law library. Plaintiff states that was informed that the library did not yet have any federal digests or Shepards, and that he would be provided with a "memo" and the "courts would grant [Plaintiff] an extension." (Doc. 60, p. 3; Doc. 45, p. 2). Plaintiff states that he wasn't timely provided with the "memo" for an extension and thus missed his deadline.

8

Despite Plaintiff's arguments to the contrary, he has not raised any issue of genuine material fact to overcome summary judgment on this claim. Defendant Lara gave the Plaintiff appropriate instructions in light of the status of the law library at that time at USP-Canaan. Taking Plaintiff's allegations as true, he heeded Defendant Lara's instructions and was informed of a lack of certain books in the library. He was also told that he would be given a "memo" to file with the Pennsylvania Supreme Court regarding an extension but was not given the memo until it was "too late." (Doc. 44, Att. H). It is evident that Plaintiff was aware of his filing deadline with the Pennsylvania Supreme Court. Plaintiff was also aware that he might not have sufficient access to a law library and thus, he needed to obtain an extension. Plaintiff was free to request this extension without access to the law library, and he was fully capable of requesting an extension without the "memo" he alleges he was to receive. Plaintiff simply has not raised a sufficient factual issue to overcome summary judgment on this claim.

Accordingly, the Plaintiff's objection is overruled, and we shall adopt the Magistrate Judge's recommendation that (1) the Defendant's Summary Judgment motion be granted with respect to Plaintiff's First Amendment denial of access to court claim against Defendant Lara; (2) judgement be entered in favor of Defendant

Lara since there are no further claims pending; and (3) Plaintiff's cross-Motion for Summary Judgment with respect to this claim be denied.

> **B. Eighth Amendment Failure to Protect Claim**

The R&R recommends that summary judgment be granted in favor of the Defendants on Plaintiff's Eighth Amendment Failure to Protect claim because Plaintiff did not fully and properly exhaust his administrative remedies on this claim at the time the case was filed.

It is well established that "[a] prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement." *Ullrich v. Idaho*, 2006 WL 288384, *2 (D. Idaho Feb. 6, 2006). Further, "[e]xhaustion must occur prior to filing suit, and a prisoner may not attempt exhaustion of his administrative remedies during the course of a civil rights action." *Id.*

Despite Plaintiff's arguments to the contrary, the undisputed evidence establishes that Plaintiff did not fully exhaust his failure to protect claim before he filed the present action. (Doc. 36, pp. 7-8; Doc. 34, Ex. 3, ¶ 11). Therefore, we shall adopt the Magistrate Judge's recommendation that (1) the Defendant's Summary Judgment Motion be granted with respect to Plaintiff's Eight Amendment failure to protect claims as against Defendants Kizziah, Wagner and Bossick; (2) judgment be

entered in favor Defendants Wagner and Bossick inasmuch as there are no further claims remaining against them; and (3) Plaintiff's cross-Motion for Summary Judgment be denied with respect to his failure to protect claims.

### C. Eighth Amendment Denial of Medical Assistance Claim

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of the Defendants with respect to Plaintiff's Eight Amendment Denial of Medical Assistance claim.

To establish an Eighth Amendment claim under a denial of medical assistance theory, a plaintiff must show a "deliberate indifference to an inmate's serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The prisoner must establish that his medical need is "objectively, sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the prison official was aware of a substantial risk of serious harm to the prisoner, but disregarded that risk by failing to take reasonable steps to abate it. *Id.* At 837.

Plaintiff alleges that he experienced rectal bleeding after he "thought" he ate glass contained in a Snack Legends cookie. This event occurred on June 13, 2005. The evidence is undisputed that Plaintiff was seen by a physician's assistant and a medical doctor on that date, and it was noted that no treatment was necessary at that time. Oral and rectal examinations were performed, and both rendered negative

results. A faecal occult blood test was performed to determine if there was possible gastro-intestinal bleeding, and was also negative for blood. (Doc. 34, Ex. 1, ¶ 4). Thereafter, on July 11, 2005, Plaintiff was evaluated by medical staff where Smith complained of a "few episodes" of rectal bleeding during bowel movements. Another faecal occult blood test was performed and the findings were negative. The physicians assistant noted that, upon completion of examination, no evidence of rectal bleeding was discovered.

Based on the evidence, we simply cannot find that the Defendants acted in deliberate indifference to the Plaintiff's condition after he thought he swallowed glass in a cookie. Plaintiff was seen immediately by medical staff upon his statement that he "thought" he ate a cookie that contained glass. Two tests were done to ascertain if Plaintiff was suffering from rectal bleeding. Both were negative. Plaintiff himself admits that he no longer experiences any rectal bleeding from this incident. We simply cannot find, based on the record, that Plaintiff's medical need was serious, or that the Defendants were deliberately indifferent.

Accordingly, we shall adopt the recommendation that the Defendants' Summary Judgment Motion be granted with respect to Plaintiff's Eighth Amendment denial of medical care claims against Defendants Simonson and Dalmasi.

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.