IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | |
| | : | 4:07-cv-1079 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| UNITED STATES OF AMERICA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **February 22, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 97), filed on November 18, 2011, which recommends that Defendants' Motion for Summary Judgment (Doc. 82) be granted regarding Plaintiff Benjamin Smith's ("Plaintiff" or "Smith") remaining failure to protect claim. Smith filed objections to the report (Docs. 100 and 101), to which the Defendants have responded. (Doc. 104). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the Defendants' Motion for Summary Judgment, and close this case.

I.     PROCEDURAL BACKGROUND

Plaintiff, formerly an inmate at the United States Penitentiary at Canaan ("USP-Canaan"), filed, *pro se*, a joint Federal Tort Claims Act and *Bivens*[1] action, pursuant to 28 U.S.C. § 1331, on June 15, 2007. The sole remaining claim in this action is the Plaintiff's failure to protect claim.[2] On June 24, 2011, the three remaining Defendants jointly filed a Motion for Summary Judgment. The Motion was fully briefed by the parties and on November 18, 2011, Magistrate Judge Blewitt issued the instant R&R, recommending that summary judgment be granted.

II.    STANDARDS OF REVIEW

    A.     Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

[2] On June 16, 2011, the United States Court of Appeals remanded this action to us for a determination on the Plaintiff's failure to protect claim, finding that, based on the record at the time of Plaintiff's appeal, that the Defendants did not establish that the Plaintiff had failed to exhaust that claim. The Third Circuit affirmed the remainder of our Order granting summary judgment with respect to all of Plaintiff's other claims against the Defendants.

recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

### III. FACTUAL BACKGROUND

As noted by Magistrate Judge Blewitt, the facts pertaining to Plaintiff's remaining failure to protect claim are largely undisputed and can be summarized in brief. Plaintiff alleges that, on June 20, 2005, he left his cell block at USP-Canaan and was assaulted by a fellow inmate by being struck in the head with a metal lock. He further alleges that officers witnessed the incident, but did nothing to prevent the attack and failed to intervene. Specifically, Plaintiff claims that Defendant Wagner abandoned his post at the Plaintiff's living unit's metal detector and that Wagner did not stop the inmate who assaulted Plaintiff. Plaintiff also claims that Defendant Bossick failed to intervene to protect him when he was being assaulted. Plaintiff further alleges that Defendant Kizziah was warned of the attack on him by an informant, but did nothing to prevent it. The Plaintiff claims that the Bureau of Prisons failed to produce a policy which would regulate the transportation of metal locks by inmates, which led to the assault on him.

The Plaintiff and the Defendant disagree as to whether the Plaintiff exhausted his BOP administrative remedies regarding this failure to protect claim. Within the R&R, Magistrate Judge Blewitt concludes that the Plaintiff did not properly exhaust this claim and thus summary judgment is warranted. Plaintiff objects to this

determination by the Magistrate Judge. We shall now turn to an analysis of whether the Plaintiff properly exhausted the failure to protect claim before filing this action.

## IV. DISCUSSION

The parties do not dispute the well-settled rule that inmates are required to exhaust BOP administrative remedies before filing actions in federal courts. The law is also clear that prisoners can not complete the exhaustion process while an action is pending with a court. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006)("there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA exhaustion requirement by exhausting administrative remedies after the filing of a complaint in federal court."). The BOP has established a multi-tier system that allows federal prisoners to seek formal review of various aspects of imprisonment. *See* 28 C.F.R. §§ 542.10, *et seq.* First, prisoners shall present their complaints to staff, who will attempt to informally resolve any issues before a prisoner files an administrative remedy. 28 C.F.R. § 542.13(a). Second, if a prisoner is unable to informally resolve his complaint, he can file a formal written complaint to the warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. §542.14(a). If the prisoner is dissatisfied with the warden's response to his complaint, he may file an appeal to the Regional Director. 28 C.F.R. § 542.15(a). The Regional Director must respond

to the prisoner's appeal within thirty days. 28 C.F.R. § 542.18. Finally, if the prisoner is not satisfied with the Regional Director's response, he may appeal the decision to the Central Office within thirty days of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel has forty days to respond after the inmates appeal has been received. 28 C.F.R. § 542.18.

Here, Plaintiff filed administrative remedy 394701-F1 on November 9, 2005, raising a complaint of breach of security by a correctional officer on the day he was assaulted. This remedy was rejected on November 10, 2005, because Plaintiff did not provide specific information therein. He was instructed to re-file his complaint within ten days. On November 22, 2005, Plaintiff re-filed administrative remedy 394701-F2 which contained his complaint of staff's failure to protect on the day he was assaulted. On November 23, 2005, the complaint was rejected as untimely. Throughout the following year, the Plaintiff went through the appeals process regarding these decisions.

Plaintiff filed a final level appeal to the Central Office on May 2, 2007. The undisputed evidence shows that Defendant received Plaintiff's administrative appeal on May 10, 2007.[3] The Defendants sought a twenty day extension to

---

[3] Plaintiff argues that since he delivered his final appeal for the Central Office with the prison staff at FCI-Ray Brook on May 2, 2007, the Central Office had forty days from that date, i.e. June 11, 2007, in which to respond to the appeal. However, pursuant to 28 C.F.R. § 542.18, the General Counsel's response period begins on the date the appeal is "logged into the

respond to Plaintiff's appeal, citing a backlog of administrative remedy filings, thus a response was due by July 9, 2007.[4] Plaintiff, however, filed the instant action on June 15, 2007, before he received a response from the Central Office regarding his final appeal of his failure to protect claim and before he exhausted all of his administrative remedies. Accordingly, and as recommended by Magistrate Judge Blewitt, pursuant to the Prison Litigation Reform Act, Plaintiff's action is barred because he filed the same before exhausting his administrative remedies. Thus, summary judgment is properly granted with respect to Plaintiff's remaining failure to protect claim.

## V.  CONCLUSION

---

Administrative Remedy Index." Here, the undisputed evidence shows that the appeal was filed on May 10, 2007, thus the General Counsel's forty day response period did not expire until June 19, 2007.

[4] The Plaintiff also argues that he did not receive notice of the twenty day extension. However, the record shows that, on May 11, 2007, the institution where Plaintiff was confined was given notice of the extension, and at that time, pursuant to procedure, the Unit Counselor would provide the notice to Plaintiff, which is signified by an entry of "P" in the "EXT" section in institution records. If the notice was not provided to Plaintiff, the record entry would be "Y." Thus, while Plaintiff sets forth in a declaration that he did not receive notice, we are not required to elevate Plaintiff's self-serving averment such that it defeats the Defendants' evidence that Plaintiff did in fact receive notice of the extension. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)(the non-moving party may not defeat a properly supported summary judgment motion simply by substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. The Defendants' Motion for Summary Judgment shall be granted. An appropriate Order shall issue.